UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHNNIE L. HENDERSON,
    Plaintiff,

vs.             07-1102

ELDON KENNELL,
    Defendant.

## ORDER

    This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff, Johnnie Henderson, brings this action pursuant to 42 U.S.C.§1983 against Defendant Reverend Eldon Kennell claiming his constitutional rights were violated at the Pontiac Correctional Center. Specifically, the plaintiff alleges that the defendant violated his First Amendment right to the free exercise of his religion.

    The plaintiff says he was denied the right to have an Islamic medallion that he had ordered and "[p]risoners religious beliefs should not be restricted or inhibited by correctional authorities in any way." (Comp, p. 5). The plaintiff has attached relevant documents to his complaint.

    A February 24, 2007 memorandum from Defendant Kennell to the plaintiff states that the defendant has looked at the medallion in question and agrees that it is an Islamic Medallion. However, the defendant notes that in May of 1999, the plaintiff declared his religion to be "Al-Islam (Muslim)" (Comp, p. 8). "Then at Menard you changed to 'Christian' on July 22, 2002 and that has been your designation ever since." *Id.*

> Furthermore, you cannot change your religion in order to receive a special favor.
> To say I need to change your religion so you can receive the medallion is not
> correct! You cannot do that!. (Comp., p. 8)

The plaintiff is advised that the item is considered contraband and will be destroyed if the plaintiff does not come up with an alternate solution.

On March 29, 2007, the plaintiff received a second memorandum from the defendant concerning the plaintiff's request for religion change. "The religious designation on your ID makes very little difference while you are in Seg. I am very reluctant to grant a change of religion because there is so much indecision among offenders." (Comp., p. 9) The plaintiff's request is denied. However, the defendant states that when the plaintiff is released from segregation, they can consider changing his religious designation. In the meantime, the plaintiff is advised that he can practice whatever religion he chooses in segregation without regard to what is on his I.D. card.

The plaintiff has also included a copy of the Cresent Imports and Publications Catalog from which he ordered the medallion. The catalog offers a variety of items from prayer rugs to key chains. (Comp. p. 14, 15)

The Supreme Court has held that prisoners retain their First Amendment right to free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). However, to prevail on a claim under the Free Exercise Clause, a plaintiff must show that a central religious belief or practice was substantially burdened. *Kaufman v McCaughtry,* 419 F. 3d 678, 683 (7th Cir. 2005); *see also Hernandez v Comm'n of Internal Revenue,* 490 U.S. 680, 699 (1989)(plaintiff must show a "substantial burden" on a "central religious belief or practice" to prevail under the Free Exercise Clause.)

It is doubtful the plaintiff could demonstrate that denying him an Islamic medallion substantially burdened a central religious belief or practice. However, even if the plaintiff could somehow pass this hurdle, its clear on the face of the plaintiff's complaint that he has failed to exhaust his administrative remedies for this claim. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The plaintiff has used a standardized complaint form and has checked the box indicating that the grievance process is completed. However, the plaintiff has attached his grievance to his complaint. His grievance is dated March 30, 3007. The plaintiff received a response from the grievance counselor on April 5, 2007. There is no indication the plaintiff appealed this decision. Instead, the plaintiff filed this lawsuit on April 27, 2007. Even if the plaintiff had appealed the response from the grievance officer, he has not allowed enough time for a reply.

Prisoners need not allege that they have exhausted administrative remedies because failure to exhaust is an affirmative defense. *Jones v. Bock,* 127 S.Ct. 910, 921 (2007) However, 'when the existence of a valid affirmative defense is so plain from the face of the complaint,' the prisoner's complaint may be dismissed. *Walker v Thompson,* 288 F.3d 1005, 1010-11 (7th Cir. 2002); *see also Thomas v Kalu,* 2007 WL 648312 at 2 (7th Cir. 2007).
**IT IS THEREFORE ORDERED:**

1)   **The plaintiff's complaint is dismissed for failure to exhaust administrative remedies as required pursuant to 42 U.S.C. §1997e(a). Any pending motions are denied as moot. [d/e 1]**

2)   **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

3)   **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

4)   **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

5)   **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this _____ day of May, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE